*Grimes & Starr,* for defendant.

———•◦•———

LEWIS *v.* SUTLIFF.

The second section of the attachment act, which authorizes an issue and jury trial of the facts upon which the attachment issued, is not repealed by the amendatory act of 1846.

The certificate of a judge, that the transcript of a record is attested *in due form*, is authentic evidence of its correctness.

Where the certificate of a judge is not dated, but is preceded and followed by certificates of the clerk; the first dated on the 18th, and the other on the 31st of July, the defect is cured.

## *Error to Lee District Court.*

*Opinion by* GREENE, J.   Levi Sutliff instituted an action of debt, on a judgment record, against Garry Lewis. After commencing suit, the plaintiff sued out a writ of attachment, and had it levied upon the real and personal property of the defendant.   The defendant joined issue upon the facts and allegations contained in the affidavit on which the attachment issued, and demanded a trial of that issue by a jury, but the court refused the trial.   To this ruling of the court, the defendant took exception. On the trial of the cause, the plaintiff offered in evidence to the jury, a certified copy of a judgment rendered in the court of common pleas, for the county of Trumbull and state of Ohio, in his favor against the defendant.   The admission of this record was objected to, on the ground of defective authentication; but the objection was overruled and the evidence admitted.   Upon this evidence, the plaintiff obtained a verdict and judgment, with an order that the property attached be sold in satisfaction.

The decisions of the court in refusing a trial of the attachment issue, and in admitting the record as evidence, are assigned as error:

1. The second section of the act, allowing and regulating writs of attachment, provides that upon the return of any writ of attachment, "the defendant may join issue upon the facts and allegations set forth in the affidavit, on which the attachment is sued out; and thereupon said issue shall be tried by a jury," in like manner, as any other issue of fact is tried.   *Rev. Stat.* 78.   In January 1846, the first section of the statute regulating writs of attachment, was amended, by substituting a different class of requisites, to be alleged in the affidavit as preliminary to the

issuing of the writ. But the substitution of this amendatory act is limited to the first section of the law first referred to, and in no way abrogates or contravenes the second section which authorizes an issue and jury trial. The law of 1846, repeals nothing in the act to which it is amendatory, but the first and second class of requisites, which are designated in the first section, and does not even by implication, militate against the right so wisely and justly extended to the defendant in the attachment, of having the reasons for issuing the writ, tested by investigation. An abuse of this stringent and oppressive process, loudly demanded legislative interposition, when the second section was incorporated as a protection to debtors, against the persecuting avidity of creditors, and so far from impairing the shield of protection thus extended, the law of 1846 renders it more ample, by adding exemplary damages in an action on the attachment bond. We cannot then in any particular, approve the position assumed by counsel, that this act curtails the rights of a defendant in attachment proceedings; it rather extends to him additional security.

Entertaining no doubt, that the right of the defendant to a trial of the attachment issue, is still authorized by statute, the decision of the court refusing such trial, and ordering the sale of the property attached, to satisfy the judgment, is reversed.

2. The objections urged to the authentication of the record which was admitted in evidence, deserves a brief notice. The certificates attached are as follows:

"The State of Ohio, }
   Trumbull County. } ss.

                "I. Warren Young, clerk of the court of common pleas within, and for, said county of Trumbull and state of Ohio, certify that the foregoing is truly copied from the record of the proceedings of said court in the cause aforesaid."

"I, B. F. Wade, president judge of the third judicial circuit of the court of common pleas, of the state of Ohio, in which said circuit, said county of Trumbull is included, certify that Warren Young is clerk of said court and that his attestation is in due form of law.

B. F. WADE, *Pres. Judge*."

The certificate of the clerk properly authenticated, and dated July 31, 1848, is appended to show that Benjamin F. Wade was presiding judge as above, and that the signature is genuine. But this certificate, is a superfluous appendage. An examination of the various objections which counsel have ingeniously urged to these certificates, we cannot consider essential. The first certificate of the clerk sufficiently identifies the transcript to be a true copy of the record in the case. It contains all the averments which are usually adjudged material in such an authentication, and being followed by the certificate of the presiding judge that the attestation *is in due form of law*, the record is sufficiently authenticated to give it full faith and credit, under the act of Congress passed May 26, 1790. As decided by this court in *Young* v. *Thayer*, 1 G. Greene 196, the certificate of a judge that the attestation is in due form, is authentic evidence of its correctness. In the present case, the certificate of the judge is defective in omitting the date, but that defect is cured by the certificates of the clerk preceding and following that of the judge. One is dated on the 18th, and the other on the 31st July, 1848; showing that the intermediate certificate of the judge was made between those dates.

The judgment of the district court rendered pursuant to the verdict, is affirmed; but as the order relative to the attachment issue was erroneous, the defendant in error is adjudged to pay the costs of this court, and a *venire de novo* is ordered to determine the attachment issue.

*D. Rorer*, for plaintiff in error.

